## BATTISTINI v. LA CORTE DE DISTRITO DE PONCE.

SOLICITUD para que se expida mandamiento de certiorari.

No. 4.   Resuelto en Marzo 21, 1905.

HONORARIOS DE ABOGADOS.—VÍA DE APREMIO.—MANDANTES.—MANDATARIOS.—El procedimiento para el cobro de honorarios de abogados, por la vía de apremio, y con arreglo á la antigua Ley de Enjuiciamiento Civil, sólo puede dirigirse contra el Procurador que hubiere intervenido en el juicio, y en su defecto contra la misma parte obligada, mas no contra el apoderado de ésta, pues la responsabilidad de los apoderados al pago de las obligaciones de sus mandantes es condicional y depende de las instrucciones que hubieren recibido de ellos.

ID.—CERTIORARI.—PROCEDIMIENTO ILEGAL.—Si el procedimiento para el cobro de los honorarios de abogados por la vía de apremio, se hubiere establecido contra el apoderado de la parte obligada al pago, sería un procedimiento ilegal é ineficaz, que puede ser anulado en un procedimiento de certiorari.

ID.—FALTA DE UN RECURSO ORDINARIO.—El auto de certiorari tiene por objeto dar una oportunidad á los Tribunales Superiores para revisar y corregir los errores cometidos en el orden del procedimiento, por los Jueces inferiores, en los casos en que no exista otro recurso ordinario para invalidarlos.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. Antonsanti.*

Abogado de la parte opositora: *Sr. Alvarez Nava.*

EL JUEZ PRESIDENTE SR. QUIÑONES, emitió la opinión del Tribunal.

A escrito presentado en esta Corte Suprema por el abogado D. Frank Antonsanti á nombre de D. Pedro Simón Battistini en solicitud de un auto de certiorari contra la Corte de Distrito de Ponce para que remitiera á esta Superioridad originales ó en testimonio los autos del pleito seguido en aquel Tribunal por D. Manuel Antonio Zeno y Gandía contra Da. Clementina Albina Voight de Castro, sobre nulidad de ciertas actuaciones, á fin de que por esta Corte Suprema se revisaran y en su caso se corrigieran los procedimientos ilegales seguidos por aquel Tribunal contra el peticionario como apoderado de la Da. Clementina con motivo del cobro que le hacía el abogado Don Julio M. Padilla de los honorarios devengados en dicho pleito como defensor que fué de la citada Sra., se libró el Auto de Certiorari solicitado y recibidos que fueron en este Tribunal los autos originales del pleito de referencia,

se señaló día para la vista del recurso, á cuyo acto concurrieron los abogados defensores de ambas partes, alegando cada uno lo que estimó pertinente á su derecho.

De los autos remitidos por la Corte de Distrito de Ponce resulta en efecto que entablada la demanda ante el extinguido Tribunal del Distrito de aquella ciudad, en diez de Julio de mil novecientos uno, por el abogado Don Luciano Ortíz Antón, á nombre de Don Manuel Antonio Zeno y Gandía contra Da. Clementina Voight de Castro, en pleito ordinario de mayor cuantía sobre nulidad de un juicio ejecutivo sumario seguido por esta Sra. contra el demandante en cobro de un crédito hipotecario y sustanciado por todos sus trámites el juicio, en el que llevó la representación y defensa de la Da. Clementina, el Abogado Don Julio Ma. Padilla, se señaló día para la celebración del juicio oral, y en este estado el asunto, presentó el abogado Sr. Padilla, un escrito con fecha primero de Diciembre del año siguiente, acompañado de una cuenta de honorarios, ascendentes á la suma de doscientos sesenta pesos, jurando que no le habían sido satisfechos, y pidiendo que de conformidad con lo que disponía el artículo doce de la Ley de Enj. Civil, se requiriera á Don Pedro Simón Battistini, como apoderado que era de la Da. Clementina y bajo cuyas instrucciones había llevado la defensa, para que le pagara dichos honorarios, percibido de apremio si no lo verificara dentro del término de cinco días. El Tribunal por provisto del día siguiente, ó sea dos de Diciembre de mil novecientos tres, proveyó de conformidad á lo solicitado por el Sr. Padilla, pero pedido por Battistini que el requerimiento se entendiera personalmente con la Da. Clementina, é instruido de este escrito el citado Padilla, en este estado quedaron las diligencias, hasta que en ocho de Marzo del año siguiente presentó otro escrito el Abogado Sr. Padilla insistiendo nuevamente en sus pretensiones y pidiendo que, no habiendo Battistini verificado el pago, se decretara el apremio contra él, y se

le embargaran ciertas alhajas que designó como de su propiedad, á lo que se proveyó de conformidad por providencia de nueve del mismo mes de Marzo. Apelada esta providencia por Battistini dentro del término de tercero día después de notificado, y negada la apelación, lo mismo que la reforma que también solicitara de la providencia denegatoria de aquel recurso, y practicadas siempre á solicitud del Sr. Padilla, ciertas diligencias para el nombramiento de peritos tasadores de las alhajas embargadas, permaneció en tal estado el asunto hasta la presentación del recurso interpuesto por Battistini ante esta Corte Suprema y consiguiente remisión de los autos á esta Superioridad para la resolución del recurso.

Ahora bien; en vista de estos antecedentes es de opinión el Juez que suscribe que el procedimiento seguido por el extinguido Tribunal del Distrito de Ponce para hacer efectivos por la vía de apremio contra Don Pedro Simón Battistini como apoderado de Doña Clementina Voight de Castro, los honorarios devengados por el abogado de esta Sra. Don Julio Ma. Padilla, en el pleito que se ha referido, es realmente un procedimiento irregular y anómalo puesto que se ha condenado al pago al Sr. Battistini en el concepto de apoderado de la parte obligada y se le han embargado bienes de su propiedad particular con infracción manifiesta de la ley que regula y define esta clase de procedimientos.

*Ciertamente* que la Ley de Enjuiciamiento Civil antigua en su artículo 12, autorizaba á los abogados para cobrar sus honorarios por la vía de apremio, pero esto como la misma ley lo determinaba se entendía sólo contra el Procurador que hubiera intervenido en los autos, ó cuando éste no intervenía, contra la misma parte á quien defendía el abogado; y es claro que este procedimiento excepcional y extraordinario que la ley autorizaba contra ciertas y determinadas personas, por su inexcusable

responsabilidad al pago de los honorarios devengados por el abogado defensor, no podía entenderse contra ninguna otra persona más de las designadas por la ley como se ha practicado en el presente caso, dirigiendo el apremio contra el apoderado de la parte deudora; pues ni el apoderado es la misma parte obligada que es contra quien quiere la ley que se entiendan el requerimiento de pago y el apremio en su caso cuanto por que la responsabilidad de los apoderados al pago de las obligaciones de sus causantes es condicional y depende de las instrucciones que de éstos hubieren recibido.

El procedimiento seguido por el extinguido Tribunal del Distrito de Ponce contra Don Pedro Simón Battistini en el asunto de que se trata, resulta pues un procedimiento ilegal y por consiguiente ineficaz y nulo; en todas sus partes; y como el auto de Certiorari tiene precisamente por objeto que los Tribunales Superiores puedan revisar y corregir los errores cometidos en el orden del procedimiento por los Jueces inferiores mientras no exista otro remedio ordinario para invalidarlos como sucede en el presente caso en el que el recurso ordinario de la apelación para ante esta Corte Suprema no era procedente por no llegar la suma reclamada á la cuantía necesaria para que fuera admisible aquel recurso, con arreglo á las leyes anteriores al nuevo Código de Enjuiciamiento Civil; por todas estas consideraciones el Juez que suscribe es de parecer que debe declararse con lugar el recurso de Certiorari establecido por Don Pedro Simón Battistini, y en su consecuencia que debe declararse nulo el procedimiento de apremio seguido contra él por el extinguido Tribunal de Distrito de Ponce, para hacer efectivos los honorarios devengados por el Abogado Don Julio Ma. Padilla como defensor de Da. Clementina Voight de Castro en el pleito de referencia, reponiéndose las actuaciones al estado que tenían en la fecha en que fué presentado el escrito del abogado Sr. Padilla pidiendo el re-

qu
erimiento de pago y apremio en su caso contra Don Pedro Simón Battistini, ó sea en primero de Diciembre de mil novecientos tres, y devolviéndose los autos del pleito al Tribunal de Distrito de Ponce con copia de la resolución que se dicte, para su cumplimiento y demás efectos que procedan con arreglo á derecho.

*Con lugar.*

Jueces concurrentes: Sres. Hernández, Figueras, Mac Leary y Wolf.